UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV13-01028-RGK (VBKx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | MAYRA CORTEZ v. DHL GLOBAL MAIL et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On May 10, 2012, Mayra Cortez ("Plaintiff") filed a Complaint against DHL Global Mail ("DHL"), Diamond Staffing Services, Inc. ("Diamond Staffing"), Edwin Romero, and Jennifer Mendoza alleging claims under the Fair Employment and Housing Act ("FEHA"). Cal. Gov't Code § 12940. On January 15, 2013, Plaintiff voluntarily dismissed Edwin Romero and Jennifer Mendoza, leaving DHL and Diamond Staffing ("Defendants") as the only named defendants remaining in the action. (Ochoa Decl. Ex. 5.)

On February 12, 2013, DHL removed the action to this Court, alleging jurisdiction on the grounds of diversity of citizenship. Diamond Staffing does not oppose removal. (Ochoa Decl. ¶ 4.) Upon review of DHL's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must prove this jurisdictional requirement in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 556–67 (9th Cir. 1992).

In the Complaint, Plaintiff did not allege any particular amount of damages for her FEHA claims. However, Defendants argue that the amount in controversy exceeds $75,000. In support, Defendants point to Plaintiff's Response to Employment Form Interrogatories, wherein

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-01028-RGK (VBKx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | **MAYRA CORTEZ v. DHL GLOBAL MAIL et al.** | | |

Plaintiff indicates that Defendants' adverse employment practices have caused her to suffer (1) past wage losses of $32,410; and (2) ongoing wage losses of $350 per week. (Ochoa Decl. Ex. 7, at 3–4). Defendants then reference Plaintiff's alleged mental and physical injuries, FEHA's statutory grant of attorney's fees, and Plaintiff's brief medical treatment for stress and depression. Defendants provide nothing further, but summarily find the amount in controversy to exceed $75,000. Without more, Defendants have failed to carry their burden that the amount in controversy meets the jurisdictional requirement.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                  :

Initials of Preparer